IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAURICE SCOTT, | ) | 8:08CV383 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 9.) In support of his Motion, Respondent filed a Brief, Reply Brief, and relevant State Court Records. (Filing Nos. 10, 11, and 13.) Petitioner Maurice Scott ("Scott") filed a Response to the Motion stating that the court should consider his previous Letters as his Brief in response. (Filing No. 12.)

Liberally construing the allegations of Scott's Petition for Writ of Habeas Corpus, as amended ("Petition") (filing nos. 1 and 5), he argues that the Petition should be granted because:

Claim One: Petitioner's conviction was illegally obtained because his Miranda "rights were not read to [him]."

Claim Two: Petitioner's conviction was unlawful because a senior judge of a three-judge panel instructed the jury that Petitioner "was guilty of manslaughter but was going to proceed as 1st degree murder."

(Filing No. 6 at CM/ECF p. 1.)

## I. BACKGROUND

On April 14, 1981, after a jury trial, Scott was convicted of one count of First Degree Murder. (Filing No. 11-3, Attach. 2, at CM/ECF p. 4; *see also State v. Scott*, 324 N.W.2d 670, 671 (Neb. 1982). Scott was thereafter sentenced to life imprisonment on that charge. (Filing No. 11-4, Attach. 3, at CM/ECF pp. 1-13.) Scott filed a timely direct appeal and his conviction and sentence were affirmed by the Nebraska Supreme Court on October 1, 1982. *Scott*, 324 N.W.2d at 672. Scott has not requested any further state court review. In particular, Scott has not filed a motion for post conviction relief under Nebraska law. (Filing No. 11-2, Attach. 1, at CM/ECF pp. 1-2.) Scott filed his Petition in this court on August 18, 2008. (Filing No. 1.)

Respondent thereafter filed his Motion for Summary Judgment, arguing that Scott's Petition is barred by the relevant statute of limitations. (Filing Nos. 9 and 10.) In response, Scott requests that the court consider his previous Letters as his response to the Motion for Summary Judgment. (Filing No. 12.) The court grants Scott's request and will consider filing nos. 3, 5, 8, and 12 as his response to the pending Motion for Summary Judgment.

## II.   ANALYSIS

### A.   **Statute of Limitations**

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the Eighth Circuit has "recognized a one-year grace period running from AEDPA's enactment for prisoners whose state court proceedings were completed prior to AEDPA's enactment." *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003). AEDPA's effective date was April 24, 1996. *Id.* In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues).

Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, then, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction was final on October 1, 1982, prior to the effective date of the AEDPA. Thus, the Petition is subject to the grace period, and must have been filed no later than April 24, 1997. Scott did not file his Petition in this court until August 18, 2008. (Filing No. 1.) Scott filed nothing in Nebraska state court, such as a post conviction motion, which would have tolled the statute of limitations. In light of this, the court finds that Scott's Petition was not timely filed, as it was filed more than 11 years after the statute of limitations expired.

### B. Equitable Tolling

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)).

Scott does not specifically argue that equitable tolling should be applied in this case, but instead argues the merits of the Petition. (Filing Nos. 3, 5, 8, and 12.) However, Scott states that he was unable to timely file his Petition "because of heavy doses of medication." (Filing No. 5 at CM/ECF p. 13.) Scott further states that his medications have been reduced from 20 to four, and that his "mental state is now functional." (*Id.* at CM/ECF pp. 13-14.) In addition, Scott states that he is "not a lawyer" and only has an "eighth grade education." (Filing No. 12.) Respondent has submitted evidence that Scott "displayed an adequate capacity for independent functioning in the correctional environment" during the relevant period of time. (Filing No. 11-6, Attach. 5, at CM/ECF p. 1.) Further, although Scott was diagnosed with "paranoid schizophrenia," he took his prescribed medications and "wanted them

4

to continue." (*Id.*) In addition, while Scott may have only an eighth grade education, during his competency evaluation, the psychiatrist noted that Scott "knows the legal system quite well and actually knows the penalties for the various offenses" better than the psychiatrist. (Filing No. 11-5, Attach. 4, at CM/ECF p. 1.) Scott has submitted no evidence contradicting the evidence submitted by Respondent. There is nothing in the record before the court showing that Scott pursued his rights diligently or that any extraordinary circumstance stood in the way of his timely filing the Petition. The court therefore finds that equitable tolling does not apply and Scott's Petition is barred by AEDPA's statute of limitations.

   IT IS THEREFORE ORDERED that:

   1. Respondent's Motion for Summary Judgment (filing no. 9) is granted. Petitioner Maurice Scott's Petition for Writ of Habeas Corpus, as amended, (filing nos. 1 and 5) is denied in all respects and this action is dismissed with prejudice.

   2. A separate judgment will be entered in accordance with this Memorandum and Order.

   3. Petitioner's Motion for Status (filing no. 14) is denied as moot.

June 12, 2009.        BY THE COURT:

              s/ Joseph F. Bataillon
              Chief United States District Judge